OPINION
{¶ 1} On June 10, 1996, Defendant, David Palmer, was sentenced on his conviction for two counts of rape of a person under thirteen years of age. The court imposed two indeterminate sentences of from seven to twenty-five years, to be served consecutively. Palmer's conviction and sentence were affirmed on appeal, as was his designation as a sexual *Page 2 
predator. State v. Palmer (July 25, 1997), Montgomery App. No. 16017;State v. Palmer (March 16, 2001), Montgomery App. No. 18259.
 {¶ 2} On November 29, 2006, Palmer filed an application to the court of common pleas, styled "Motion to Prevent Miscarriage of Justice In Illegal Sentence and/or Criminal Rule 32.1." The gist of his motion was that Palmer was entitled to be sentenced pursuant to S.B. 2 to minimum and concurrent terms, absent findings the court formerly was required to make, State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and not having been made aware of that, Palmer's constitutional right to equal protection of the law was violated.
 {¶ 3} The trial court denied Palmer's motion, finding that its grounds for relief are barred by res judicata. Palmer filed a timely notice of appeal. In his brief on appeal, Palmer contends that res judicata does not apply to the relief he requests, but absent any supporting argument. Instead, Palmer again presents the arguments contained in his motion.
 {¶ 4} Though he carefully avoids acknowledging the fact, Palmer necessarily is aware that the sentencing provisions of S.B. 2 did not become effective until July 1, 1996, after his sentences were imposed, and that they apply only to criminal *Page 3 
offenses committed on or after that date. Indeed, Palmer exploits that distinction to support his contention that he is entitled to the application of S.B. 2 retroactively, and that being denied that benefit deprives him of the equal protection of the law guaranteed to him by theFourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.
 {¶ 5} The provisions of S.B. 2 do not apply retroactively; the General Assembly could not have done that even had it wished to, because ArticleII, Section 28 of the Ohio Constitution denies the General Assembly the power to pass retroactive laws. On that same principle, neither may the courts apply substantive rules of law retroactively.
 {¶ 6} Palmer's contention that, because S.B. 2 has no retroactive application, he was denied the equal protection of the laws, likewise collapses. S.B. 2 affects no fundamental right that Palmer enjoys, and the classifications it imposes in relation to its effective date of July 1, 1996, bears a rational relation to the General Assembly's purpose in passing that legislation.
 {¶ 7} The judgment of the trial court will be affirmed.
 BROGAN, J. And FAIN, J., concur. *Page 1